IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| EVO Brands, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22cv0697 (AJT/JFA) |
| | ) | |
| PUFFBARVAPES.COM, | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 14). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

**Procedural Background**

On June 21, 2022, plaintiffs filed a verified complaint against domain name puffbarvapes.com ("defendant domain name") asserting an *in rem* claim under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). (Docket no. 1) ("Compl."). On June 22, 2022, plaintiffs sent a letter to two email addresses listed on the website located at the defendant domain name, to two email addresses listed for the registrar of the defendant domain name, and to the postal address listed for the registrant of the defendant domain name providing notification of this action, the nature of plaintiffs' claims of infringement, and attaching a copy of the verified complaint. (Docket no. 4-1 ¶ 8).

On June 22, 2022, plaintiffs filed a motion for order to publish notice of *in rem* action. (Docket no. 3). The court granted the motion and entered an order requiring plaintiffs to publish

notice of this action. (Docket no. 8). Plaintiffs arranged for publication of notice of the action in *The Washington Times* on June 29, 2022. (Docket no. 10 ¶ 3; *Id.* at 6).

On July 28, 2022, plaintiffs requested an entry of default against defendant domain name, which the Clerk of Court entered on October 13, 2022. (Docket nos. 12–13). On November 11, 2022, plaintiffs filed this motion for default judgment and a notice of hearing for Friday, November 18, 2022. (Docket no. 14–15). Plaintiffs also filed a certificate of service indicating that the motion and notice of hearing were sent to the email addresses listed on the website located at the defendant domain name, the email addresses provided for the registrar, and the postal mailing address of the registrant. (Docket no. 16). At the hearing on Friday, November 18, 2022, counsel for plaintiffs appeared, but no one appeared on behalf of the defendant domain name.

## **Factual Background**

The following facts are established by the verified complaint. (Compl.). Plaintiffs are Delaware limited liability companies with their principal place of business in California. (Compl. ¶¶ 2–3). Plaintiff PVG2, LLC ("PVG2") is a distributor of vaping products containing tobacco-free (synthetic) nicotine. (Compl. ¶ 10). Plaintiff EVO Brands, LLC ("EVO Brands") is the owner of the PUFF brand of e-cigarettes and a family of marks consisting of or incorporating the term "PUFF" and/or its distinctive cloud design, which it licenses to plaintiff PVG2. (Compl. ¶ 11). Plaintiff PVG2 is the operating entity that distributes electronic cigarettes bearing the PUFF Brand. (*Id.*).

Plaintiff EVO Brands also owns U.S. trademark registrations that include the PUFF BAR mark and PUFF FLOW & Cloud Design mark, and it has several pending U.S. trademark applications. (Compl. ¶¶ 12–14). Plaintiffs and their predecessors in interest have offered for

2

sale in U.S. commerce electronic cigarettes and vaping devices in connection with the registered marks since as early as August 2019. (Compl. ¶ 15). Plaintiffs sell and advertise products through plaintiff PVG2's website, located at www.PuffBar.com, and through wholesale distributors and independently owned vape shows and convenience stores. (Compl. ¶¶ 10, 16).

According to the records in the WhoIs database of domain name registrations, defendant domain name was registered on May 20, 2020, by an unidentified registrant located in Reykjavik, Iceland through domain name registrar NameCheap, Inc. (Compl. ¶ 4, 24). Defendant domain name was registered in a manner to conceal the identity of the true owner of the domain name. (Compl. ¶ 25). The website located at the defendant domain name was configured to in significant part replicate plaintiff PVG2's website, located at www.puffbar.com, using plaintiff's protected content and marks to promote and sell counterfeit Puff Bar products containing tobacco-derived nicotine that are not authorize by, affiliated with, or endorsed by plaintiffs and are illegal under U.S. law. (Compl. ¶¶ 26–27).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against this action, the Clerk of Court has entered a default as to the defendant domain name. (Docket no. 13).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as

alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment. Plaintiffs' claim arises under the ACPA, 15 U.S.C. § 1125(d), and this court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a). (Compl. ¶¶ 5–6).

This court has *in rem* jurisdiction over the defendant domain name under 15 U.S.C. § 1125(d)(2). The first required element for an *in rem* action over a domain name is that the domain name violates plaintiffs' trademark rights. *See* 15 U.S.C. § 1125(d)(2)(A)(i). Plaintiffs have made uncontested assertions that plaintiff EVO Brands owns trademark registrations in the PUFF BAR mark and PUFF FLOW & Cloud Design mark. (Compl. ¶¶ 12–13).[1] Plaintiffs allege the defendant domain name infringes on its marks. (Compl. ¶¶ 24–31).

The ACPA conditions *in rem* jurisdiction upon a finding that the trademark owner (a) is unable to obtain personal jurisdiction over a person who would otherwise be a defendant in a civil action under the ACPA or (b) through due diligence cannot find the person who would have been a defendant in such an action, having sent a notice of the alleged violation and intent to sue to the registrant of the domain name at the postal and e-mail address provided by the registrant to

---

[1] In the complaint, plaintiffs do not assert any common law trademark rights over the other marks, including PUFF BAR & Cloud Design, PUFF PLUS & Cloud Design, PUFF MAX & Cloud Design, PUFF MAX, and PUFF ULTRA. Plaintiffs only note that the U.S. trademark applications are pending on these marks. (Compl. ¶ 14).

4

the registrar and publishing a notice of the action as the court may direct. *See* 15 U.S.C. § 1125(d)(2)(A)(ii). Given the uncontested assertion that the registrant field in the WhoIs records for the defendant domain name reflects an unidentified registrant located in Iceland, there is no evidence that any of the actions of the registrant would constitute sufficient minimum contacts to support personal jurisdiction. (Compl. ¶ 7). Even though the defendant domain name is included on the VeriSign registry, which is situated in this district, "this is not enough to establish minimum contacts." *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 615 (E.D. Va. 2003); (Compl. ¶ 7). Accordingly, plaintiffs have established that they are unable to obtain personal jurisdiction over the registrant of the defendant domain name who would otherwise have been the defendant in this lawsuit, satisfying the requirements of 15 U.S.C. § 1125(d)(2)(A)(ii)(I). Therefore, the court has *in rem* jurisdiction over the defendant domain name under 15 U.S.C. § 1125(d)(2).

Venue is proper in this district under 15 U.S.C. § 1125(d)(2)(C)(i), which places venue for an *in rem* ACPA action in the judicial district in which the domain name's registrar, registry, or other domain name authority that registered or assigned the domain name is located. VeriSign is the registry for the .COM top level domain names, and it is situated in this judicial district. (Compl. ¶ 9). Because the defendant domain name is a .COM top level domain name, the domain registry is located in this district. Accordingly, venue is proper in this district.

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the defendant domain name, and that venue is proper in this court.

## Service

Rule 4(n)(1) provides that the court may assert service over property if authorized by a federal statute, and notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule. 15 U.S.C. § 1125(d)(2)(B) states the actions outlined in § 1125(d)(2)(A)(ii) shall constitute service of process. The actions described in 15 U.S.C. § 1125(d)(2)(A)(ii)(II) include "(aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and (bb) publishing notice of the action as the court may direct promptly after filing the action."

There is no email address listed in the WhoIs or ICANN records provided by the registrant of the defendant domain name to the registrar. (Docket no. 2 at 3, 8). On June 22, 2022, Plaintiffs did send a letter to the postal address listed for the registrant of the defendant domain name that provided notification of this action, the nature of plaintiffs' claims of infringement, and attaching a copy of the verified complaint. (Docket no. 4-1 ¶¶ 7–8). Plaintiffs also undertook additional due diligence to find the registrant. On June 22, 2022, plaintiffs also sent the letter to two email addresses listed on the website located at the defendant domain name and two email addresses listed for the registrar of the defendant domain name. (*Id.* ¶ 8). After identifying a physical address from the website located at the defendant domain name, plaintiffs determined that the address belongs to CSC Corporation Headquarters, not the defendant domain name. (*Id.* ¶ 6). Following the court's order directing plaintiffs to publish the order in *The Washington Times* or *The Washington Post* (Docket no. 8), plaintiffs filed a declaration that the order was published in *The Washington Times* on June 29, 2022 (Docket no. 10 ¶ 3; *Id.* at 6).

Accordingly, the undersigned recommends a finding that service of process has been accomplished as set forth in 15 U.S.C. § 1125(d)(2)(B).

### Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in *The Washington Times*, anyone making a claim to the defendant domain name was required to file a responsive pleading by July 20, 2022; twenty-one (21) days after the notice of action was published. No responsive pleading has been filed, and the time for doing so has since expired. On July 28, 2022, plaintiffs filed a request for entry of default against the defendant domain name. (Docket no. 12). Thereafter, the Clerk of Court entered a default against the defendant domain name on October 13, 2022. (Docket no. 13).

For the reasons stated above, the undersigned recommends a finding that notice of this *in rem* action was proper and that no one has made a timely claim to the defendant domain name, and that the Clerk of Court properly entered a default as to the defendant domain name.

### Liability

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

Plaintiffs have established a violation of the ACPA. A necessary predicate to an ACPA action is that plaintiffs have a protectable interest in a trademark. *See Wagner v. lindawagner.com*, 202 F. Supp. 3d 574, 580–81 (E.D. Va. 2016). As an initial matter, plaintiff EVO Brands owns U.S. trademark registrations for the PUFF BAR mark and PUFF FLOW & Cloud Design mark. (Compl. ¶¶ 12–13).

To establish an ACPA violation, plaintiffs are required to (1) prove that the registrant had bad faith intent to profit from using the defendant domain name, and (2) that the defendant domain name is identical or confusingly similar to, or dilutive of, the distinctive marks owned by plaintiff. 15 U.S.C. § 1125(d)(1)(A); *see People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). In determining whether defendant acted in bad faith, a court may consider several factors, including:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
>
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
>
> (III) the person's prior use, if any, of the domain name in connection with the *bona fide* offering of any goods or services;
>
> (IV) the person's *bona fide* noncommercial or fair use of the mark in a site accessible under the domain name;
>
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
>
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the *bona fide* offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
>
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
>
> (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar

> to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
>
> (IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of this section.

15 U.S.C. § 1125(d)(1)(B)(i); *see People for Ethical Treatment of Animals*, 263 F.3d at 368–69.

First, plaintiffs have established that the registrant possessed the requisite bad faith intent to profit from the defendant domain name. (Compl. ¶ 42). The defendant domain name incorporates the PUFF BAR mark within the domain name and associated website without authorization from plaintiffs, and the defendant domain name does not reflect the legal name of the registrant. (Compl. ¶¶ 34–36). The defendant domain name, in using a domain name that is confusingly similar to the PUFF BAR mark, is attempting to divert consumers intending to access EVO Brand's website to its website instead. (Compl. ¶ 38). Defendant domain name also sells goods that are identical or nearly identical to those offered by plaintiffs to profit from the consumers that mistakenly visit the website located at the defendant domain name. (*Id.*). Lastly, the registrant took steps to conceal its identity when applying for the registration of the defendant domain name. (Compl. ¶ 25).

Second, plaintiffs have established that the defendant domain name is confusingly similar to the distinctive marks owned by plaintiffs. (Compl. ¶ 42). The defendant domain name uses the PUFF BAR mark combined with "vapes." Simply adding a generic term to the end of a mark does not sufficiently distinguish it from the mark. *See Venetian Casino Resort, LLC v. Venetiangold.com*, 380 F. Supp. 2d 737, 743 (E.D. Va. 2005) (finding that VenetianGoldCasino.com, VenetianGoldCasino.net, VenetianGold.com, VenetianGold.net, VenecianGold.com, VeniceGoldCasino.com, and VenecianGold.com were confusingly similar to

9

the VENETIAN, THE VENETIAN, and VENETIAN RESORT HOTEL CASINO marks). The defendant domain name is "confusingly similar to [plaintiffs'] marks because [it] bear[s] such a visual resemblance that that internet users would reasonably assume that the names were modified, used, approved, and/or permitted by the plaintiff[s]." (*Id.* (quoting *Omega S.A. v. Omega Eng'g, Inc.*, 228 F. Supp. 2d 112, 127 (D. Conn. 2002)) (internal quotation marks omitted)).

For these reasons, the undersigned recommends a finding that plaintiffs have established a violation of the ACPA.

## Relief

In this *in rem* action, plaintiffs seek an order directing VeriSign to change the registrar of record for the defendant domain name to plaintiff's registrar of choice, GoDaddy.com LLC, and directing GoDaddy.com LLC to take all necessary steps to have plaintiff PVG2 listed as the registrant of the defendant domain name. (Docket no. 14-2). Pursuant to 15 U.S.C. § 1125(d)(1)(C), "[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." This court has previously ordered the transfer of domain names where those domain names infringe on valid trademarks. *See Int'l Bancorp, L.L.C. v. Societe Des Baines De Mer Et Du Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 490 (E.D. Va. 2002). Given that plaintiffs have established a violation of the ACPA through the registration and use of the defendant domain name, the undersigned recommends an order requiring the change of the registrar for the defendant domain name to GoDaddy.com LLC and that GoDaddy.com LLC take all necessary steps to have plaintiff PVG2 listed as the registrant of the defendant domain name.

### Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of plaintiffs and against the defendant domain name pursuant to Count I alleging a violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(C). The undersigned recommends it be ordered that VeriSign, Inc., as registry for the defendant domain name, change the registrar of record for puffbarvapes.com to GoDaddy.com LLC, and that GoDaddy.com LLC take all necessary steps to have plaintiff PVG2, LLC listed as the registrant for the defendant domain name.

### Notice

The parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

Counsel for plaintiffs are directed to send a copy of these proposed findings of fact and recommendations to the listed postal address of the registrant, email addresses listed on the website located at the defendant domain name, the email address associated with the registrar listed on the WhoIs records, and to VeriSign. Plaintiffs' counsel shall file a certificate of service indicating the date on which the required notice was given.

ENTERED this 18th day of November, 2022.

/S/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia